# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DILMEN, LLC d/b/a CORAL § <br> PREMIUM WATER FILTERS, § <br> and HUSEYIN DILMEN, § <br> § <br> Defendants. § | Civil Action No. 2:15-cv-2056 |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff Whirlpool Corporation ("Whirlpool"), and for its Complaint for Patent Infringement of United States Patent Nos. 8,356,716, 8,413,818, 8,591,736, D654,559, D654,560, D654,561, D654,562, and D655,377 against Defendants Huseyin Dilmen and Dilmen, LLC d/b/a Coral Premium Water Filters, states as follows:

## PARTIES

1.  Plaintiff Whirlpool is a corporation organized and existing under the laws of the state of Delaware with a principal place of business at 2000 North M-63, Benton Harbor, Michigan.

2.  Huseyin Dilmen is the sole operator and owner of Dilmen, LLC d/b/a Coral Premium Water Filters, a limited liability company organized and existing under the laws of the state of Texas (collectively "Dilmen"). Dilmen, LLC is assigned File Number 0802093087 by the Texas Secretary of State and has a principal place of business at 5700 Braxton Drive, Suite 100, Houston, Texas.

## JURISDICTION & VENUE

3. The action arises under the patent laws of the United States, Title 35 United States Code. The jurisdiction of this Court is proper under Title 35 U.S.C. § 271, *et seq*. and Title 28 U.S.C. §§ 1331, 1332, and 1338.

4. Dilmen is a seller of water filters for refrigerators.

5. Dilmen has offered for sale and sold throughout the United States a Whirlpool-compatible water filter that infringes United States Patent Nos. 8,356,716, 8,413,818, 8,591,736, D654,559, D654,560, D654,561, D654,562 (collectively, "the patents"), such as a water filter identified in advertising as Model No. c3645a, which is a Whirlpool "Filter 2" design. Dilmen has offered for sale and sold such infringing products throughout the United States through on-line retail outlets such as Amazon.

6. Dilmen has offered for sale and sold Whirlpool designed refrigerator water filters that infringe U.S. Patent Nos. 8,356,716, 8,413,818, 8,591,736, D654,559, D654,560, D654,561, D654,562, and D655,377, such as a water filter identified in advertising as Model No. c3645a, to residents and citizens of Texas who reside within this district.

7. The Court has personal jurisdiction over Dilmen because it has advertised in Texas, including the Eastern District of Texas, the sale of infringing filters via the internet, and Dilmen has offered for sale and sold the infringing products to customers in the state of Texas, including the Eastern District of Texas, thereby harming Whirlpool by offering to sell and/or selling infringing products in this district.

8. Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because Dilmen has committed acts of infringement in this judicial district.

**COUNT I**
**Infringement of U.S. Patent No. 8,356,716**

9.     Whirlpool restates and incorporates by reference paragraphs 1 through 8 as if fully stated herein.

10.    On January 22, 2013, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,356,716 ("the '716 patent") entitled "Filter Unit." Appended as Exhibit A is a true and correct copy of the '716 patent.

11.    Whirlpool is the owner by assignment of the entire right, title and interest in and to the '716 patent, including the right to sue and recover past, present, and future damages for infringement.

12.    Whirlpool manufactures products that practice the '716 patent, including Whirlpool Filter 2 refrigerator filters, and marks such products with the '716 patent.

13.    Dilmen has been infringing the '716 patent by importing, offering for sale and/or selling water filters covered by at least claims 1 and 15 of the '716 patent.

14.    Whirlpool has obtained a water filter identified as Model No. c3645a from Dilmen (hereinafter the "Infringing Filter"). Photographs that are fair and accurate representations of the Infringing Filter are appended as Exhibit B. The Infringing Filter infringes at least claims 1 and 15 of said patent pursuant to Title 35, U.S.C. § 271(a), *et. seq.*

15.    Dilmen's acts of infringement were undertaken without permission or license from Whirlpool. Dilmen had actual and/or constructive knowledge of the '716 patent, and its actions constitute willful and intentional infringement of the '716 patent.

16.    On information and belief, Dilmen has gained, and will continue to gain, profits by virtue of its infringement of the '716 patent. By reason of such infringing acts, Whirlpool has been damaged and is entitled to monetary relief in an amount to be determined at trial.

17. Due to Dilmen's infringing acts, Whirlpool has suffered and continues to suffer great and irreparable injury, for which Whirlpool has no adequate remedy at law.

**COUNT II**
**Infringement of U.S. Patent No. 8,413,818**

18. Whirlpool restates and incorporates by reference paragraphs 1 through 17 as if fully stated herein.

19. On April 9, 2013, the USPTO duly and legally issued United States Patent No. 8,413,818 ("the '818 patent") entitled "Filter Unit." Appended as Exhibit C is a true and correct copy of the '818 patent.

20. Whirlpool is the owner by assignment of the entire right, title and interest in and to the '818 patent, including the right to sue and recover past, present, and future damages for infringement.

21. Whirlpool manufactures products that practice the '818 patent, including Whirlpool Filter 2 refrigerator filters, and marks such products with the '818 patent.

22. Dilmen has been infringing the '818 patent by importing, offering for sale, and/or selling water filters covered by at least claims 1 and 15 of the '818 patent.

23. Whirlpool has obtained a water filter identified as Model No. c3645a from Dilmen. The Infringing Filter infringes at least claims 1 and 15 of said patent pursuant to Title 35, U.S.C. § 271(a), *et seq*.

24. Dilmen's acts of infringement were undertaken without permission or license from Whirlpool. Dilmen had actual and/or constructive knowledge of the '818 patent, and its actions constitute willful and intentional infringement of the '818 patent.

25. On information and belief, Dilmen has gained, and will continue to gain, profits by virtue of its infringement of the '818 patent. By reason of such infringing acts, Whirlpool has been damaged and is entitled to monetary relief in an amount to be determined at trial.

26. Due to Dilmen's infringing acts, Whirlpool has suffered and continues to suffer great and irreparable injury, for which Whirlpool has no adequate remedy at law.

### COUNT III
### Infringement of U.S. Patent No. 8,591,736

27. Whirlpool restates and incorporates by reference paragraphs 1 through 26 as if fully stated herein.

28. On November 26, 2013, the USPTO duly and legally issued United States Patent No. 8,591,736 ("the '736 patent") entitled "Water Filter Unit." Appended as Exhibit D is a true and correct copy of the '736 patent.

29. Whirlpool is the owner by assignment of the entire right, title and interest in and to the '736 patent, including the right to sue and recover past, present, and future damages for infringement.

30. Whirlpool manufactures products that practice the '736 patent, including Whirlpool Filter 2 refrigerator filters, and marks such products with the '736 patent.

31. Dilmen has been infringing the '736 patent by importing, offering for sale, and/or selling water filters covered by at least claim 1 of the '736 patent.

32. Whirlpool has obtained a filter identified as Model No. c3645a from Dilmen. The Infringing Filter infringes at least claim 1 of said patent pursuant to Title 35, U.S.C. § 271(a), *et seq*.

33.     Dilmen's acts of infringement were undertaken without permission or license from Whirlpool. Dilmen had actual and/or constructive knowledge of the '736 patent, and its actions constitute willful and intentional infringement of the '736 patent.

34.     On information and belief, Dilmen has gained, and will continue to gain, profits by virtue of its infringement of the '736 patent. By reason of such infringing acts, Whirlpool has been damaged and is entitled to monetary relief in an amount to be determined at trial.

35.     Due to Dilmen's infringing acts, Whirlpool has suffered and continues to suffer great and irreparable injury, for which Whirlpool has no adequate remedy at law.

## COUNT IV
## Infringement of U.S. Patent No. D654,559

36.     Whirlpool restates and incorporates by reference paragraphs 1 through 35 as if fully stated herein.

37.     On February 21, 2012, the USPTO duly and legally issued United States Design Patent No. D654,559 ("the D'559 patent"), entitled "Filter Unit," claiming the design as disclosed therein. Appended as Exhibit E is a true and correct copy of the D'559 patent.

38.     Whirlpool is the owner by assignment of the entire right, title and interest in and to the D'559 patent, including the right to sue and recover past, present, and future damages for infringement.

39.     Dilmen has infringed and continues to infringe the D'559 patent by selling and offering to sell in the United States Infringing Filters, which copies and is at least nearly identical to the design covered by the D'559 patent, as illustrated below:




D'559 Patent | Infringing Filter

FIG. 1

40. Dilmen's acts of infringement were undertaken without permission or license from Whirlpool.

41. On information and belief, Dilmen has gained, and will continue to gain, profits by virtue of its infringement of the D'559 patent. By reason of such infringing acts, Whirlpool has been damaged and is entitled to monetary relief in an amount to be determined at trial.

42. Due to Dilmen's infringing acts, Whirlpool has suffered and continues to suffer great and irreparable injury, for which Whirlpool has no adequate remedy at law.

### COUNT V
### Infringement of U.S. Patent No. D654,560

43. Whirlpool restates and incorporates by reference paragraphs 1 through 42 as if fully stated herein.

7

44. On February 21, 2012, the USPTO duly and legally issued United States Design Patent No. D654,560 ("the D'560 patent"), entitled "Filter Unit," claiming the design as disclosed therein. Appended as Exhibit F is a true and correct copy of the D'560 patent.

45. Whirlpool is the owner by assignment of the entire right, title and interest in and to the D'560 patent, including the right to sue and recover past, present, and future damages for infringement.

46. Dilmen has infringed and continues to infringe the D'560 patent by selling, and offering to sell in the United States Infringing Filters, which copies and is at least nearly identical to the design covered by the D'560 patent, as illustrated below:




47. Dilmen's acts of infringement were undertaken without permission or license from Whirlpool.

48. On information and belief, Dilmen has gained, and will continue to gain, profits by virtue of its infringement of the D'560 patent. By reason of such infringing acts, Whirlpool has been damaged and is entitled to monetary relief in an amount to be determined at trial.

49. Due to Dilmen's infringing acts, Whirlpool has suffered and continues to suffer great and irreparable injury, for which Whirlpool has no adequate remedy at law.

## COUNT VI
## Infringement of U.S. Patent No. D654,561

50. Whirlpool restates and incorporates by reference paragraphs 1 through 49 as if fully stated herein.

51. On February 21, 2012, the USPTO duly and legally issued United States Design Patent No. D654,561 ("the D'561 patent"), entitled "Filter Unit," claiming the design as disclosed therein. Appended as Exhibit G is a true and correct copy of the D'561 patent.

52. Whirlpool is the owner by assignment of the entire right, title and interest in and to the D'561 patent, including the right to sue and recover past, present, and future damages for infringement.

53. Dilmen has infringed and continues to infringe the D'561 patent by selling and offering to sell in the United States Infringing Filters, which copies and is at least nearly identical to the design covered by the D'561 patent, as illustrated below:




54. Dilmen's acts of infringement were undertaken without permission or license from Whirlpool.

55. On information and belief, Dilmen has gained, and will continue to gain, profits by virtue of its infringement of the D'561 patent. By reason of such infringing acts, Whirlpool has been damaged and is entitled to monetary relief in an amount to be determined at trial.

56. Due to Dilmen's infringing acts, Whirlpool has suffered and continues to suffer great and irreparable injury, for which Whirlpool has no adequate remedy at law.

## COUNT VII
## Infringement of U.S. Patent No. D654,562

57.     Whirlpool restates and incorporates by reference paragraphs 1 through 56 as if fully stated herein.

58.     On February 21, 2012, the USPTO duly and legally issued United States Design Patent No. D654,562 ("the D'562 patent"), entitled "Filter Unit," claiming the design as disclosed therein.  Appended as Exhibit H is a true and correct copy of the D'562 patent.

59.     Whirlpool is the owner by assignment of the entire right, title and interest in and to the D'562 patent, including the right to sue and recover past, present, and future damages for infringement.

60.     Dilmen has infringed and continues to infringe the D'562 patent by selling and offering to sell in the United States Infringing Filters, which copies and is at least nearly identical to the design covered by the D'562 patent, as illustrated below:




D'562 Patent | Infringing Filter

FIG. 1

61.     Dilmen's acts of infringement were undertaken without permission or license from Whirlpool.

62.     On information and belief, Dilmen has gained, and will continue to gain, profits by virtue of its infringement of the D'562 patent.  By reason of such infringing acts, Whirlpool has been damaged and is entitled to monetary relief in an amount to be determined at trial.

63.     Due to Dilmen's infringing acts, Whirlpool has suffered and continues to suffer great and irreparable injury, for which Whirlpool has no adequate remedy at law.

## COUNT VIII
### Infringement of U.S. Patent No. D655,377

64.     Whirlpool restates and incorporates by reference paragraphs 1 through 63 as if fully stated herein.

65. On March 6, 2012, the USPTO duly and legally issued United States Design Patent No. D655,377 ("the D'377 patent"), entitled "Filter Unit," claiming the design as disclosed therein. Appended as Exhibit I is a true and correct copy of the D'377 patent.

66. Whirlpool is the owner by assignment of the entire right, title and interest in and to the D'377 patent, including the right to sue and recover for past, present, and future damages for infringement.

67. Dilmen has infringed and continues to infringe the D'377 patent by selling and offering to sell in the United States Infringing Filters, which copies and is at least nearly identical to the design covered by the D'377 patent, as illustrated below:



D'377 Patent

FIG. 1



Infringing Filter

68. Dilmen's acts of infringement were undertaken without permission or license from Whirlpool.

69. On information and belief, Dilmen has gained, and will continue to gain, profits by virtue of its infringement of the D'377 patent. By reason of such infringing acts, Whirlpool has been damaged and is entitled to monetary relief in an amount to be determined at trial.

70. Due to Dilmen's infringing acts, Whirlpool has suffered and continues to suffer great and irreparable injury, for which Whirlpool has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Whirlpool respectfully requests the following relief:

a. That the Court enter a judgment that Dilmen has infringed the patents;

b. That the Court enter a judgment that the patents are not invalid;

c. That the Court enter a judgment that the patents are enforceable;

d. That the Court enter a permanent injunction preventing Dilmen and its respective officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from engaging in infringing activities with respect to the patents;

e. That the Court find Dilmen's infringement was willful;

f. That the Court award damages for the infringement to which Whirlpool is entitled;

g. That the Court treble the damages for Dilmen's willful infringement;

h. That the Court award to Whirlpool a disgorgement of Dilmen's profits pursuant to 35 U.S.C. § 289;

      i.       That the court find this an exceptional case and award Whirlpool its costs and reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

      j.       That the Court award interest on the damages; and

      k.       For any and all such other relief as this Court may deem appropriate.

Dated:  December 9, 2015

Respectfully submitted,

By:  /s/ *Melissa R. Smith*
Melissa R. Smith  (*TX State Bar No.  24001351*)
GILLAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone:  (903) 934-8450
Facsimile:  (903) 934-9257
Email:  Melissa@gillamsmithlaw.com

OF COUNSEL:

Jeffrey D. Harty  (IA AT0003357)
Ryan M. Leemkuil (IA AT0011129)
NYEMASTER GOODE, P.C.
700 Walnut Street, Ste. 1600
Des Moines, IA 50309-3899
Telephone: (515) 283-8038
Facsimile:  (515) 283-3108
Email:   jharty@nyemaster.com
Email:   rwleemku@nyemaster.com

Glenn Johnson
NYEMASTER GOODE, P.C.
625 First Street SE, Ste. 400
Cedar Rapids, I! 52401
Telephone:  (319) 286-7000
Facsimile:  (319) 286-7050
Email:   gjohnson@nyemaster.com

*Attorneys for Plaintiff*
**WHIRLPOOL CORPORATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service, on December 9, 2015.

*/s/ Melissa Smith*
Melissa Smith